THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

1  ALEJANDRO N. MAYORKAS
   United States Attorney
2  LEON W. WEIDMAN
   Assistant U.S. Attorney
3  Chief, Civil Division
   GARY PLESSMAN
4  Assistant U.S. Attorney
   Chief, Civil Fraud Section
5  KENT A. KAWAKAMI
   Assistant U.S. Attorney
6  California Bar No : 149803
      Room 7516, Federal Building
7     300 North Los Angeles Street
      Los Angeles, California 90012
8     Telephone: (213) 894-4858
      Facsimile: (213) 894-2380
9
   Attorneys for Plaintiff
10 United States of America

11                   UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                          SOUTHERN DIVISION

14

15 | UNITED STATES OF AMERICA,        ) CIVIL NO. 01-01047 TJH
16 |     Plaintiff,                    )
17 |           v.                      ) CONSENT DECREE
18 | PERFORMANCE CAPITAL MANAGEMENT,  )
   | INC., a California corporation,  )
19 |                                   )
   |     Defendant.                    )
20 |_____)

21      WHEREAS:  Plaintiff, the United States of America, has commenced this action by filing the

22 Complaint herein; defendant has waived service of the Summons and Complaint; the parties have been

23 represented by the attorneys whose names appear hereafter; and the parties have agreed to settlement of

24 this action upon the following terms and conditions, without adjudication of any issue of fact or law and

25 without defendant admitting liability or fault for any of the matters alleged in the Complaint;

26      WHEREAS: Defendant is a debtor in a Chapter 11 bankruptcy case pending in this District; and

27      WHEREAS: James J. Joseph is the duly appointed and acting Chapter 11 trustee for the

28 defendant;

1  THEREFORE, on the joint motion of plaintiff and defendant, it is hereby ORDERED,
2  ADJUDGED, AND DECREED as follows:

### FINDINGS

1. This Court has jurisdiction of the subject matter and of the parties.

2. The Complaint states a claim upon which relief may be granted against the defendant under Sections 5(a)(1), 9, 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 49, 53(b) and 56(a), and under the Fair Credit Reporting Act, 15 U.S.C. § § 1681-1681u. Entry of this Final Judgment is in the public interest;

3. The Commission has the authority under Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 57(b), and Section 621 of the Fair Credit Reporting Act, 15 U.S.C. § 1681s, to seek the relief it has requested.

4. The alleged activities of the defendant are in or affecting commerce, as that term is defined in 15 U.S.C. § 44.

### DEFINITIONS

As used in this Consent Decree:

1. the "Fair Credit Reporting Act" refers to 15 U.S.C. §§ 1681-1681u, as amended;

2. the term "defendant" means Performance Capital Management, Inc.;

3. the term "consumer reporting agency" is defined as provided in Section 603(f) of the FCRA, 15 U.S.C. § 1681a(f);

4. the term "account" means any debt or other obligation being collected by the defendant; and

5. the term "trustee" means James J. Joseph as Chapter 11 trustee for the defendant.

### ORDER

#### I.

IT IS THEREFORE ORDERED that defendant, its successors and assigns, shall pay to plaintiff

a civil penalty, pursuant to Section 621(a) of the Fair Credit Reporting Act, 15 U.S.C. § 1681s(a), in the amount of two million dollars ($2,000,000). Based on financial statements and other information filed with the U.S. Bankruptcy Court, Central District of California, Santa Ana Division, by Performance Capital Management, Inc., and by the trustee, payment of the foregoing monetary settlement is waived.

## II.

IT IS FURTHER ORDERED that defendant, its successors and assigns, and its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any one or more of them who receive actual notice of this Consent Decree by personal service or otherwise, are hereby enjoined, directly or through any corporation, subsidiary, division or other device from:

   A.   failing to provide correct delinquency dates, as required by Section 623(a)(5) of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a)(5), for accounts that defendant reports to consumer reporting agencies;

   B.   failing to properly investigate consumer disputes, as required by Section 623(b) of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), when consumer reporting agencies refer disputes to the defendant pursuant to Section 611(a)(2), 15 U.S.C. § 1681i(a)(2). In order to comply with Section 623(b) when a consumer disputes the accuracy of information reported by the defendant to a consumer reporting agency, defendant shall either verify the information with the original account records within the time period set forth in the Fair Credit Reporting Act or take all necessary steps to delete the information from the files of all consumer reporting agencies to which the information was reported. In any situation where the defendant either knows that no original records exist, or is informed by the original creditor that no records exist, the defendant shall, within five business days after receiving the consumer dispute, notify all consumer reporting agencies to which the information has been provided that the information is to be deleted from the file of the consumer who has disputed the account;

C. failing to report accounts as "disputed" to consumer reporting agencies as required by Section 623(a)(3) of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a)(3), when consumers dispute accounts either in writing, orally, or by electronic means; and

D. failing to comply in any other respect with the Fair Credit Reporting Act.

### III.

IT IS FURTHER ORDERED that defendant, its successors and assigns, shall, within thirty (30) days of the entry of this Consent Decree, provide a copy of this Consent Decree and the Fair Credit Reporting Act to each of defendant's officers and management-level employees, and secure from each such person a signed statement acknowledging receipt of a copy of this Consent Decree and the Fair Credit Reporting Act; and, within ten (10) days of complying with this paragraph, file an affidavit with the Court, and serve the Federal Trade Commission, by mailing a copy thereof to the Associate Director for Financial Practices, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Ave. N.W., Washington, D.C. 20580, setting forth the fact and manner of their compliance, including the name and title of each person to whom a copy of the Consent Decree has been provided.

### IV.

IT IS FURTHER ORDERED that defendant shall, within sixty (60) days following the date of entry of this Consent Decree, submit to the Associate Director for Financial Practices, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Ave. N.W., Washington, D.C. 20580, a full and complete description of how defendants have complied and are complying with this Consent Decree.

### V.

IT IS FURTHER ORDERED that, for a period of three (3) years from the date of entry of this Consent Decree, defendant, its successors and assigns, shall, within three (3) business days of receipt of written notice from the Commission, permit representatives of the Commission:

(A) Access during normal business hours to any office or facility of the defendant;

(B) Access to all computerized databases;

(C) To inspect and copy (or have copied by a contract copying agency) all *documents at the* company's offices or facilities relevant to any matter within the Commission's jurisdiction; and

(D) To interview the officers and employees of the defendant. The person interviewed may have counsel present if he or she so desires.

## VI.

IT IS FURTHER ORDERED that defendant, its successors and assigns, shall notify the Associate Director for Financial Practices, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Ave. N.W., Washington, D.C. 20580, at least thirty (30) days prior to any change in defendant's business, including, but not limited to, merger, incorporation, dissolution, assignment, and sale, which results in the emergence of a successor corporation, the creation or dissolution of a subsidiary or parent, or any other change which may affect defendant's obligations under this judgment.

## VII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enabling any of the parties to this Consent Decree to apply to the Court at any time for such further order or directives as may be necessary or appropriate for the interpretation or modification of this Consent Decree, for the enforcement of compliance therewith, or for the punishment of violations thereof, or as justice may require.

## VIII.

IT IS FURTHER ORDERED that James J. Joseph shall not be liable for any breach of this Consent Decree in any capacity other than in his capacity as Chapter 11 trustee. Neither the trustee nor the law firm with whom he is associated shall be subject to any personal liability for the obligations arising from or imposed by this Consent Decree. The trustee's obligations to perform under this Consent Decree shall terminate as of the date he ceases to act as Chapter 11 trustee and he shall have no liability for any act of the defendant or its successors and assigns or its officers, agents, servants, employees and

attorneys after such date.

JUDGMENT IS THEREFORE ENTERED in favor of plaintiff and against defendant, pursuant to all the terms and conditions recited above.

Dated this 5th day of February, 2001.

*[signature]*

UNITED STATES DISTRICT JUDGE

The parties, by their respective counsel, hereby consent to the terms and conditions of the Consent Decree as set forth above and consent to the entry thereof. Defendant waives any rights that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412, amended by Pub. L. 104-121, 110 Stat., 847, 863-64 (1996).

FOR THE UNITED STATES OF AMERICA

| | |
|---|---|
| DAVID W. OGDEN<br>Assistant Attorney General<br>Civil Division<br>U.S. Department of Justice | ALEJANDRO N. MAYORKAS<br>United States Attorney<br>Central District of California |
| EUGENE M. THIROLF<br>Director<br>Office of Consumer Litigation | LEON W. WEIDMAN<br>Assistant United States Attorney<br>Chief, Civil Division<br>Gary Plessman<br>Assistant United States Attorney<br>Chief, Civil Fraud Section |
| *[signature]*<br>ELIZABETH STEIN<br>Attorney<br>Office of Consumer Litigation<br>Civil Division<br>U.S. Department of Justice<br>Washington, D.C. 20530 | *[signature]*<br>Kent A. Kawakami<br>Assistant United States Attorney<br>United States of America<br>Room 7516, Federal Building<br>300 North Los Angeles Street<br>Los Angeles, CA 90012 |

Consent Decree Page 6 of 7

FOR THE FEDERAL TRADE COMMISSION:

_____
David Medine
Associate Director for Financial Practices

_____
Peggy Twohig
Assistant Director for Financial Practices

_____
William Haynes, Attorney

_____
Shoba Kammula, Attorney
Federal Trade Commission
Washington, D.C. 20580


FOR THE DEFENDANT
PERFORMANCE CAPITAL MANAGEMENT, INC.

_____
James J. Joseph, As Chapter 11 Trustee
    for the Estate of Performance Capital
    Management, Inc.

_____
Anne E. Wells, As attorney for James
    J. Joseph, Chapter 11 Trustee for the
    Estate of Performance Capital
    Management, Inc.

Consent Decree Page 7 of 7

## REASONS FOR SETTLEMENT

This statement accompanies the Consent Decree executed by defendant Performance Capital Management, Inc., in settlement of an action brought to recover penalties and other equitable relief from defendant for engaging in acts or practices in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, and the Fair Credit Reporting Act, 15 N.S.C. § 1681 et seq.

Pursuant to Section 5(m)(3) of the Federal Trade Commission Act, as amended (15 U.S.C. § 45(m)(3)), the Commission hereby sets forth its reasons for settlement by entry of a Consent Decree and injunction:

> On the basis of the allegations contained in the attached Complaint, the Commission believes that the payment of $2,000,000 in civil penalties by the defendant, Performance Capital Management Inc., which is waived because of the financial condition of the company, constitutes an appropriate settlement. The amount should indicate to the defendant and to others similarly situated the need for full and complete compliance with the Fair Credit Reporting Act. Further, defendant is permanently enjoined from violating the Fair Credit Reporting Act. With the entry of such Consent Decree the time and expense of litigation will be avoided.

For the foregoing reasons, the Commission believes that the settlement by entry of the attached Consent Decree with Performance Capital Management Inc. is justified and well within the public interest.

ATTACHMENT